IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LANDFALL TRUST LLC, <br>     Plaintiff, <br><br>     v. <br><br> FIDELITY NATIONAL TITLE <br> INSURANCE COMPANY <br>     Defendant. | Civil Action No.  3:22cv194 (RCY) |

**MEMORANDUM OPINION**

This is a breach of contract action arising from a title insurance policy held by Plaintiff Landfall Trust LLC and issued by Defendant Fidelity National Title Insurance Company. Plaintiff alleges that Defendant breached the policy contract in part by failing to compensate Plaintiff for losses allegedly covered by the insurance policy. More specifically, Plaintiff alleges that Defendant, via the insurance policy, insured that Plaintiff would have title to certain drainfield areas; that during a potential sale of Plaintiff's land, Defendant issued a new insurance binder that stated Plaintiff did not have title to the drainfield areas; and that Defendant's refusal to remedy the title issue is a breach of the insurance policy. The present matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 19 and For Stay of Discovery Pursuant to Fed. R. Civ. P. 26(c) Pending Determination of Motion ("Rule 19 Motion to Dismiss") (ECF No. 72).

**I. PROCEDURAL POSTURE**

Defendant filed its Rule 19 Motion to Dismiss (ECF No. 72), accompanying Affidavit (ECF No. 73), and Memorandum in Support (ECF No. 74) on February 14, 2023. Plaintiff filed its Response on February 28, 2023 (ECF No. 84), and Defendant filed its Reply on March 3, 2023

1

(ECF No. 86).  The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.  E.D. Va. Loc. Civ. R. 7(J).  For the reasons stated herein, the Court will deny Defendant's Rule 19 Motion to Dismiss (ECF No. 72).

## II. DISCUSSION

Defendant argues that the Court should find that the HOA is a necessary party to this suit under Rule 19(a) and, further, that because the HOA is an indispensable party and joinder would ruin complete diversity of citizenship, and in turn divest the Court of subject matter jurisdiction, the Court should dismiss this action under Rule 19(b).

**A. Timeliness of the Motion**

As an initial matter, Plaintiff asserts that Defendant's motion should be denied because it is an untimely motion designed to delay the progress of the case.

Federal Rule of Civil Procedure 12(g)(2) provides that, except as denoted in Rule 12(h)(2), a party that has previously made a motion under Rule 12 is precluded from raising another Rule 12 defense that was available to the party when it made its previous Rule 12 motion.  *See* Fed. R. Civ. P. 12(g)(2). However, Rule 12(h)(2) exempts three defenses from this waiver provision.  Rule 12(h)(2) states, in pertinent part, that the Rule 12(b)(7) defense of failure to join a person required by Rule 19(b) is not waived under Rule 12(g)(2) even if it not included in the previous Rule 12 motion.  Fed. R. Civ. P. 12(h)(2).  Specifically, Rule 12(h)(2) states that the defense of failure to join a person required by Rule 19(b) "may be raised: (A) in any pleading allowed or ordered under Rule 7(a)[1]; (B) by a motion under Rule 12(c)[2]; or (C) at trial."  Fed. R. Civ. P. 12(h)(2).  Read

---

[1] Rule 7(a) allows pleadings in the form of a complaint, an answer, a third party complaint, and a reply to an answer if the Court so orders.  Fed. R. Civ. P. 7(a).
[2] Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.  Fed. R. Civ. P. 12(c).

2

literally, Rule 12(h)(2) only permits the Rule 19(b) defense to be raised in these three manners. However, courts have interpreted Rule 12(h)(2) more liberally and have accepted motions outside the bounds of the three enumerated methods in the statute. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, No. 1:00CV00113, 2001 WL 420602, at *1 (W.D. Va. Jan. 29, 2001); *Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480, 487–88 (D. Md. 2017); *F.T.C. v. Innovative Marketing, Inc.*, 654 F. Supp. 2d 378, 383 (D. Md. 2009). This approach fits more in line with the purpose behind Rule 12(h)(2)'s refusal to waive the defense all together. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1392 (3d ed. 2023) ("Since the basic purpose of Rule 12(h)(2) probably is to preserve the defenses, rather than to delimit the precise timing of their assertion, this [more permissive] approach seems sound and within the spirit, if not the letter, of the provision.").

In this instance, the Court finds that Defendant's motion is timely and properly raised. Although not explicitly stated as such, the Defendant argues that this suit should be dismissed under Rule 12(b)(7), which allows a party to move to dismiss based on the failure to join a party under Rule 19. (*See* Reply 1, ECF No. 86). Plaintiff argues that the motion is untimely under the Court's scheduling order, which stated that "Any motions for joinder of additional parties shall be filed by November 10, 2022." (Mem. Opp'n 2, ECF No. 84; Rule 16(b) Scheduling Order ¶ 3, ECF No. 33). Given that a permissive reading of Rule 12(h)(2) allows litigants to raise a defense based on Rule 19(b) through the culmination of trial, *see* Fed. R. Civ. P. 12(h)(2), and given defense counsel's sworn statement that he did not glean that the Henry's Island Homeowner's Association ("HOA") was a necessary party until February 3, 2023, *see* Decl. John Hollis ¶ 26, ECF No. 73, the Court will hear the merits of the motion. Furthermore, given that the resolution of this motion implicates whether or not this Court can exercise subject matter jurisdiction over

the dispute, the Court refuses to deny the motion on untimeliness grounds. *See* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B. Necessary and Indispensable

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss a suit for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19 sets out a two-step inquiry for courts to determine whether a party is "necessary" and "indispensable" to the litigation. *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 950 (4th Cir. 2020). The first question under Rule 19(a) is "whether a party is necessary to a proceeding because of its relationship to the matter under consideration." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (citing *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999)). Second, "[i]f the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). In other words, "if the party is necessary but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) 'whether the proceeding can continue in that party's absence.'" *Hanna*, 750 F.3d at 433 (quoting *Teamsters*, 173 F.3d at 917). "Neither prong of Rule 19 is to be applied merely as a 'procedural formula.'" *McKiver*, 980 F.3d at 951 (quoting *Hanna*, 750 F.3d at 433). Instead, the "[d]ecisions must be made pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." *Hanna*, 750 F.3d at 433 (internal citations omitted). The moving party has the burden of showing that the absent party is necessary under Rule 19. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)

<u>1. Necessary</u>

The first step in the inquiry is determining whether the HOA is a "necessary" party under Rule 19(a). *McKiver*, 980 F.3d at 950. According to Rule 19(a), a party is necessary if

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of an action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

In this case, Defendant claims that the HOA is a necessary party under Rule 19(a)(1)(B) because Plaintiff's breach of contract claim turns on Plaintiff persuading the Court that Plaintiff "is the owner of a real piece of property for which the HOA is currently the record owner." (Mem. Supp. 2, ECF No. 74). However, Defendant fails to demonstrate that the HOA "*claims* an interest relating to the subject" of this action. *See* Fed. R. Civ. P. 19(a)(1)(B). "As an initial matter, it appears that Defendant[] misunderstand[s] Rule 19(a)(1)(B) to require joinder if [the absent party] has an *interest* in the subject of this case, not if [the nonparty] *claims* one, as the plain language of the rule makes clear." *SS Richmond LLC v. Harrison*, No. 3:22CV405, 2023 WL 1469997, at *3 (E.D. Va. Jan. 9, 2023) (quoting *Polanco v. HSBC Bank USA Nat'l Ass'n*, No. 3:17-CV-00466, 2019 WL 6999699, at *1 (W.D.N.C. Dec. 19, 2019) (emphases added)). Many courts in the Fourth Circuit have held that where the absent party has not affirmatively claimed an interest, Rule 19(a)(1)(B) does not apply. *See, e.g.*, *SS Richmond LLC*, 2023 WL 1469997, at *3 (refusing to address the merits of Rule 19(a)(1)(B) where the nonparty did not claim an interest in the action); *Polanco*, 2019 WL 6999699, at *1 (finding joinder inappropriate when the nonparty has not explicitly requested to join the case); *Philips Med. Sys., Nederland, B.V. v. TEC Holdings, Inc.*,

5

No. 3:19-CV-373, 2020 WL 3511601, at *3 (W.D.N.C. June 29, 2020) (listing the absence of a nonparty's request to join the litigation as a reason to deny the motion to dismiss).

Even assuming, *arguendo*, Defendant could demonstrate that the HOA has "claimed" an interest in the action, Defendant cannot demonstrate that the HOA is not a necessary party to this suit under Rule 19(a). Defendant cites to the Fifth Circuit's 1970 decision in *Schutten v. Shell Oil Co.* as instructing that the adjudication of a nonparty's rights over land would create a cloud to their title. 421 F.2d 869, 874–75 (5th Cir. 1970). However, *Schutten* involved materially different circumstances than the ones presented here. First, the plaintiff in that suit brought a trespass action against the defendant based upon the plaintiff's claim of ownership of the land. *Id.* at 874. Moreover, the unjoined nonparty directly opposed the plaintiff's claim of ownership, stating that it had ownership over the land due to possession. *Id.* The Fifth Circuit found the nonparty to be necessary because the "question of actual ownership must necessarily be adjudicated before the trespass and accounting issues are reached." *Id.* In *Schutten*, the question of ownership was a necessary pre-requisite before the court could address the trespass claim, because the plaintiff's trespass claim was based upon its ownership, not possession, of the land. *Id.* However, unlike in *Schutten*, the remaining cause of action in this suit is a breach of contract—not trespass—claim, and determining the actual ownership of the drainfield areas is not an essential pre-requisite for Plaintiff's claims to proceed.

Similarly, Defendant cites *Branch Banking & Trust Co. v. First Am. Title Ins. Co.*, as support for the notion that the Court should find that the HOA is a necessary party. 2012 WL 529926 (S.D. W.Va. Feb. 17, 2012). While *Branch Banking* is similar to the facts presented here in that it involved a title insurance policy, a breach of contract suit, and a nonparty that claimed

title to the insured land, the case was also markedly different. *Id.* at \*7. The court in *Branch Banking* made its decision in part because the court found that

> the language of the title insurance policy contemplates that First American will not be liable for any loss or damage prior to a determination that an interest exists which is adverse to the title or lien of the insured mortgage. It is apparent to the Court that this clause necessarily requires that procedurally there be a determination as to whether the title insured is actually defective and that Plaintiff does not hold the interest for which it contracted.

*Id.* Importantly, Defendant has pointed to no such provision or clause in the Insurance Policy that mandates the determination of title prior to finding liability in this case. Additionally, the Court finds that Plaintiff's breach of contract suit does not necessitate the joinder of the HOA, as ascertaining the ownership of the drainfield areas is not a necessary pre-requisite before the Court can turn to the merits of the breach of contract claim. In other words, Plaintiff is potentially capable of succeeding on the merits of its breach of contract suit based on the various insurance documents and title binders before the Court, without delving into the actual ownership of the drainfield areas. Disposing of the present action without the presence of the HOA will not "impair or impede the [HOA]'s ability to protect [its purported] interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Thus, the Court finds that the HOA is not a necessary party requiring joinder under Rule 19(a).

### 2. Indispensable

"If the court determines that the party is 'necessary,' it must then determine whether the party is "indispensable" to the action under Rule 19(b)." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 210 F.3d at 249 (4th Cir. 2000). However, having determined that the HOA is not a necessary party under Rule 19(a), the Court need not address the issue of whether the HOA is an indispensable party under Rule 19(b). *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.*, 36 F.3d 1274,

1285–86 (4th Cir. 1994) ("Only necessary persons can be indispensable, but not all necessary persons are indispensable."); *S. Co. Energy Mktg., L.P. v. Va. Elec. & Power Co.*, 190 F.R.D. 182, 189 (E.D. Va. 1999) ("[T]he analysis under Rule 19(b) begins and ends with a determination that PCA is not a necessary party.")

### C. Stay of Discovery

Additionally, Defendant asks the Court to stay discovery pending the Court's resolution of the pending motion. Given the fact that the Court will deny the present motion and the fact that discovery concluded in this case on April 7, 2023, *see* Amended Rule 16(b) Scheduling Order ¶ 5, ECF No. 79, the Court finds Defendant's request to be moot and denies it as such.

### III. CONCLUSION

For the reasons stated above, the Court finds that joinder of the HOA is not required under Rule 19(a). Therefore, the Court will deny Defendant's Rule 19 Motion to Dismiss (ECF No. 72).

An appropriate Order shall issue.

/s/  
Roderick C. Young  
United States District Judge

Richmond, Virginia  
Date: May 11, 2023