IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LANDFALL TRUST LLC,<br>        Plaintiff,<br><br>        v.<br><br>FIDELITY NATIONAL TITLE,<br>INSURANCE COMPANY,<br>        Defendant. | Civil Action No. 3:22CV194 (RCY) |

## MEMORANDUM OPINION

This is a breach of contract case arising from a title insurance policy held by Plaintiff Landfall Trust LLC and issued by Defendant Fidelity National Title Insurance Company. The Court has ruled that Plaintiff has established Defendant's breach of the policy contract by failing to compensate Plaintiff for losses incurred by reason of unmarketable title.[1] The case is presently before the Court on Defendant's Motion for Reconsideration of that ruling, *see* ECF No. 158. For the reasons stated below, the Court will deny Defendant's motion.

## I. BACKGROUND

The Court laid out the underlying facts of this case in the "Background" Section of its October 2, 2023 Summary Judgment Opinion. *See generally* Mem. Op., ECF No. 143. Neither party alleges any errors in that section. *See generally* Mem. Supp. Mot. Reconsideration, ECF No. 160 ("Mot. Reconsideration Br.").[2] In the interest of brevity, the Court will not re-hash the lengthy factual background of this dispute.

In its Summary Judgment Opinion, the Court granted summary judgment to Plaintiff on its

---

[1] The Court has left open the question of damages—i.e., Plaintiff's recoverable amount of those losses.

[2] Fidelity's motion only alleges error in two sentences of this Court's analysis of Plaintiff's breach claim on "Covered Risk 1," as explained in more depth below. *See* discussion *infra* n.7. *See generally* Mot. Reconsider Br.

breach of contract claim and denied Fidelity's cross-motion. *See generally* Mem. Op.  In its motion for summary judgment, Plaintiff raised three separate breach theories. *See, e.g.*, *id.* at 15. Plaintiff claimed Fidelity breached the parties' Insurance Policy as a matter of law by failing to pay out under the Policy when certain "Covered Risks" manifested, specifically: Covered Risk 1, "Title being vested other than as stated in Schedule A"; Covered Risk 2, "Any defect in or lien or encumbrance on the Title"; and/or Covered Risk 3, "Unmarketable title." *See, e.g.*, *id.*; *see also* Insurance Policy[3] 9, ECF No. 91-1.  In its cross-motion, Fidelity moved for summary judgment arguing that, as a matter of law: (1) Exception 7 barred each of Plaintiff's breach theories because each theory was fully based on the existence of property interests created by the HOA Declaration; and, alternatively, (2) Plaintiff failed to show that any of the Covered Risks occurred. *See, e.g.*, Mem. Op. 15.

On Covered Risks 1 and 2, the Court ruled for Fidelity, finding that Fidelity indeed met its burden to prove that Plaintiff's theories were precluded by Exception 7.  Specifically, the Court found that Plaintiff's theories under those two Covered Risks would have required a determination as to the existence of an easement vested in the Henry's Island HOA. *See id.* at 16–22.  Thus, Fidelity established that those Covered Risk theories were entirely based on the HOA Declaration, and Exception 7 excepted such matters from coverage. *See id.*[4]  On Covered Risk 3, however, the Court found that Exclusion 7 did not block Plaintiff's claim because this theory was not based on the HOA Declaration, and Plaintiff's success on the theory did not necessitate proving that the HOA easement, in fact, existed. *See id.* at 23–25.  With Fidelity asserting no other defenses based on any of the Policy's exceptions or exclusions and otherwise resting solely on the argument that

---

[3] Unless defined herein, the Court uses terms in this opinion as they were defined in the October 2, 2023 Summary Judgement Opinion.

[4] The Court also agreed with an argument Fidelity raised in its subsequent pleadings that Exception 8 applied to Plaintiff's (altered) arguments on these theories. *See id.* 19 n.9, 20 n.10.

Plaintiff had failed to show the occurrence of any Covered Risk, the Court proceeded to the merits of Plaintiff's Covered Risk 3 claim. *See id.* at 22–26. On the merits (to truncate the discussion), the Court found that Plaintiff's uncontroverted evidence established the occurrence of the Policy's Covered Risk 3, "Unmarketable title"—as that term is bespokely defined in the Policy. *See id.* at 26–30. *See generally* Insurance Policy 11 (providing the distinctive definition of the term "Unmarketable title" that controlled this Court's analysis). Specifically, the evidence showed that Fidelity's issuance of a title binder in 2021 (the "Second Binder")—the binder that first mentioned the HOA easement and which shortly followed Fidelity's issuance of an earlier binder ("First Binder") that did not mention the easement—to a prospective purchaser of Plaintiff's land, Jesse Crotty, played at least some role in Crotty's subsequent cancellation of the land purchase due to doubts and questions about title.[5]

On November 8, 2023, 37 days after the Court granted Plaintiff's summary judgment motion and denied Defendant's cross-motion,[6] Fidelity filed the instant Motion for Reconsideration, ECF No. 158, and a supporting memorandum, *see* ECF No. 160. Plaintiff filed its opposition, *see* ECF No. 181, and Fidelity filed its reply, *see* ECF No. 184. The Court heard argument at the Final Pretrial Conference on November 30, 2023. This opinion follows.

## II. LEGAL STANDARD

Rule 60(b) provides an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *Wilson v. Thompson*, 138 F. App'x 556, 557 (4th Cir. 2005) (citing *Compton v.*

---

[5] Fidelity adduced evidence that showed that Crotty also cancelled the purchase for a different reason that would not allow Plaintiff to recover under this theory. *See id.* at 28–29. However, Fidelity's evidence and Plaintiff's evidence did not evidence mutual exclusivity as to the purchaser's understanding and reasoning and thus did not create a genuine dispute of material fact. *See id.* at 16, 28–29; *see also* Hr'g Tr. 6:3–4, 7:10, ECF No. 135 (counsel for Plaintiff and Fidelity representing that there were no disputes of material fact on the question of liability).

[6] By not filing within 28 days, Fidelity lost the opportunity move for alteration of the judgment under Rule 59(e), *see* Fed. R. Civ. Pro. 59(e), which is more permissive than Rule 60(b), *see generally Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (explaining the arguments that cannot be raised on Rule 60(b) motions but can be raised on Rule 59 motions).

*Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). To succeed on a Rule 60(b) motion, the movant "must satisfy one of the six enumerated grounds for relief under Rule 60(b)." *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 266 (4th Cir. 1993). Among these enumerated grounds are "mistake, surprise, inadvertence, or excusable neglect," Fed. R. Civ. P. 60(b)(1), and "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). "Disposition of Rule 60(b) motions is within the discretion of the district court." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991); *see Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("The disposition of motions made under Rule[] . . . 60(b) is a matter which lies largely within the discretion of the trial judge[.]"); *Neumann v. Prudential Ins. Co. of Am.*, 398 F. Supp. 2d 489, 492 (E.D. Va. 2005) ("[T]he decision to grant or deny a Rule 60(b)(6) motion, as with all Rule 60 motions, is committed to the court's sound discretion.").

### III. DISCUSSION

Fidelity seeks relief from this Court's ruling on Covered Risk 3 under Rule 60(b)(1) and Rule 60(b)(6). *See* Mot. Reconsideration Br. 13–14, ECF No. 160. But Fidelity does not identify any error in this Court's Covered Risk 3 analysis. Instead, Fidelity only raises factual and legal issues it has never actively argued, pursued, or briefed before in this case. This cannot provide a basis for Rule 60(b)'s extraordinary remedy, and Fidelity's motion will accordingly be denied.

Fidelity begins its Argument section contending that the Court misunderstood the underlying facts of this dispute and that this "incorrect reading of the underlying facts . . . led the Court to the wrong result." *See* Mot. Reconsideration Br. 14, ECF No. 160. But Fidelity fails to point to a single sentence of this Court's Covered Risk 3 discussion that Fidelity alleges contains any factual inaccuracy. *See generally id.* 1–19 (identifying no factual inaccuracy in the Court's

Covered Risk 3 discussion).[7]  Without any identifiable factual error underpinning the Court's Covered Risk 3 analysis, Fidelity's argument necessarily fails.

Instead of alleging any error in this Court's analysis of the Covered Risk 3 arguments Fidelity raised during summary judgment, Fidelity used this motion and oral argument to pursue new issues that Fidelity has previously overlooked during this litigation.  First, Fidelity advances a new factual line of argument.  Fidelity argues that the two lots (Lots 9 and 10) that make up the 4.40 acres of Plaintiff's land that Fidelity insured in 2018 were shaped differently in 2018 (when the lots were referred to and described in the Insurance Policy) than they were in 2021 (when the lots were referred to and described in the context of the Second Binder) because Plaintiff reconfigured the lots in 2019.  *See* Mot. Reconsideration Br. 8, 14.  To be clear, though, Lots 9 and 10 (both in their 2018 and their 2021 form) cover the exact same 4.40 acres of land.  *See id.* at 8.  In any event, Fidelity does not explain (because it cannot) how this fact alters in any way the Court's assessment of the legal arguments Fidelity presented to the Court during summary judgment on the Covered Risk 3 issue.  *See id.* at 14–19.  Fidelity does not explain how this would have changed the Court's Exception 7 conclusion.  *See id.*  Nor does Fidelity explain how this impacts the evidence Plaintiff or Fidelity presented as to Crotty's reasoning for withdrawing from the pending contract to purchase Plaintiff's land.  *See id.*  And even if this newly introduced fact did have any impact on the arguments Fidelity chose to pursue during summary judgment, it is well-settled that "[a] defeated litigant cannot set aside a judgment" on a Rule 60(b) motion

---

[7] Fidelity points to two sentences from this Court's summary judgment opinion that Fidelity alleges are incorrect. *Id.* at 14, 14 n.14.  But even assuming *arguendo* that those two sentences were wrong, they are inapposite.  The sentences Fidelity quotes are not from a part of the Court's Covered Risk 3 analysis—the only portion of the opinion Fidelity wants reconsidered.  Rather, the sentences are from this Court's discussion of Covered Risk 1, an issue on which the Court found *for Fidelity*.  *See* Mem. Op. 18.  Indeed, the sentences were part of the Court's discussion of why the Court *agreed with Fidelity's argument* that Plaintiff's Covered Risk 1 claim was entirely based on the HOA Declaration and thus Exception 7 applied and precluded Plaintiff's Covered Risk 1 arguments.  *See id.* The Court's summary judgment opinion made very clear that that discussion was solely limited to assessing Plaintiff's arguments "on th[at] theory of liability[.]"  *Id.*

"because the litigant failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." 11 Wright & Miller, *Federal Practice and Procedure* § 2858 (3d ed. 2023 update); *see also, e.g.*, *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("[R]evisiting the issues already addressed is not the purpose of a motion to reconsider, and advanc[ing] new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate." (internal quotation marks omitted)). Because Fidelity was already in possession of the information upon which this new line of argument is predicated, *see* Def.'s Reply Supp. Emergency Mot. 2, ECF No. 202 (Fidelity admitting that "Landfall's recording of the 2019 boundary adjustment survey and the resulting reconfiguration of Lots 9 and 10 after the 2018 issuance of the Policy were admitted by Landfall in discovery. These admissions were made both in Landfall's Rule 30(b)(6) deposition and in Daniel Lang's September 15, 2022 declaration[.]" (internal record citations omitted)); *see also* Aff. Ray Aaronian Exs. 1, 12–13, ECF Nos. 91-1, 91-12, 91-13 (Fidelity attaching to its first summary judgment motion the Insurance Policy, which includes the 2018 description of Lots 9 and 10, and the First and Second Binders, which include the 2021, post-reconfiguration description of Lots 9 and 10), the Court finds the argument to be an untimely attempt to reopen summary judgment and therefore an improper basis for Rule 60(b) relief.

Fidelity also raises three legal arguments in its reconsideration motion to explain why the Second Binder "cannot give rise to 'unmarketable title' within the meaning of the Policy." Mot. Reconsideration Br. 14. It bears noting that counsel for Fidelity admitted at the November 30, 2023 Final Pretrial Conference that all three are arguments Fidelity did not advance in its renewed summary judgment motion, ECF No. 137. Fidelity's first two arguments are grounded in two previously unrelied-upon contractual exclusions in the Insurance Policy, Exclusions 3(d) and 3(a).

*See* Mot. Reconsideration Br. 14–18.  First, Fidelity argues that Exclusion 3(d) prevents Plaintiff from recovering for "loss or damage . . . that arise by reason of . . . matters [arising] subsequent to the Date of Policy," i.e., 2018, and therefore Plaintiff cannot recover under Covered Risk 3 for losses resulting from the issuance of the Second Binder in 2021.  *See id.* at 14–17.  Second, Fidelity argues that Exclusion 3(a) bars Plaintiff's breach claim because that provision excludes from coverage all "defects, liens, encumbrances . . . or other matters created . . . by the [Plaintiff]," and Fidelity asserts that the HOA easement mentioned in the Second Binder was created by Plaintiff's own reconfiguration of the lots.  *See id.* at 17–18.  Finally, Fidelity raises a contractual standing defense, arguing that Plaintiff lacks standing[8] to make any claims based on the Second Binder.  *See id.* at 19.

Unfortunately for Fidelity, none of these arguments are timely—or consequently, available—at this procedural posture.  It is firmly established that "Rule 60(b) does not provide parties with an opportunity to pursue issues not previously litigated."  *Hummel v. Hall*, 868 F. Supp. 2d 543, 560 (W.D. Va. 2012) (citing *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995)); *accord Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 691 (7th Cir. 2022)  ("[I]t is well-settled that a motion to reconsider is not the proper vehicle to raise new arguments that could and should have been raised prior to judgment."); *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument."); *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 313 (5th

---

[8] "Contractual standing" is not to be confused with Article III standing.  Article III standing goes to a federal court's subject matter jurisdiction to hear an action, *see Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986), and a defense based on an opponent's lack of Article III standing can thus never be waived, *see United States v. Hays*, 515 U.S. 737, 742–43 (1995).  Conversely, a defense based on an opponent's lack of "contractual standing" *is* subject to waiver if not timely raised.  *See FDIC v. Murex LLC*, 500 F. Supp. 3d 76, 96–97 (S.D.N.Y. 2020).

Cir. 2012) ("Motions to reconsider 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)); *Aygen v. Dist. of Columbia*, 311 F.R.D. 1, 3 (D.D.C. 2015) ("Courts should deny motions for reconsideration when it appears that the losing party is using the motion as an instrumentality for arguing the same theory or asserting new arguments that could have been raised prior to final judgment." (internal quotation marks omitted)). Fidelity could have raised and pressed these legal arguments earlier.

Contrary to counsel for Fidelity's intimations at the November 30, 2023 Final Pretrial Conference, it has been no secret that Plaintiff's breach claim—its "unmarketable title" covered risk theory included—stemmed from the Second Binder and its inclusion of the HOA easement. *See, e.g.*, Compl. ¶¶ 9, 14–25, 37–39; Mem. Op. Mot. Dismiss, *Landfall Tr. LLC v. Fid. Nat'l Title Ins. Co.*, 647 F. Supp. 3d 464, 473 (E.D. Va. 2022) (denying Fidelity's motion to dismiss for failure to state a claim in this matter because "Plaintiff plausibly allege[d] that **the issuance of the Second Binder and the inclusion of the HOA easement** prevented the Crotty Contract from closing, ultimately leading to Plaintiff's inability to sell the land, and thus title became 'unmarketable' within the meaning of the Insurance Policy" (emphasis added)); *see also, e.g.*, Hr'g Tr. 10:17–23, ECF No. 135 ("[Counsel for Plaintiff:] [T]he evidence before The Court is . . . that Crotty refused to close because of the title problems that have been raised in the course of the binders that we are now familiar with."). Fidelity has twice moved for summary judgment in this case, and neither time did it make the three legal arguments it wishes to make now.[9] Accordingly, the Court rejects

---

[9] In a reply to a *different* motion in this case, Fidelity argues any contention that it "did not raise" the issues of its Exclusion 3(a) and 3(d) arguments "in pleadings" before in this case is "false." Reply Supp. Emergency Mot. 2. In a subsequent footnote, Fidelity explains that it "raised" these arguments because its "Exclusion 3(a) and 3(d) defenses are clear on the face of the Policy, which was Exhibit 1 submitted in support of . . . Fidelity's motion for summary judgment (ECF No. 90-1)[.]" *Id.* at 2 n.1.

Even setting to the side the fact that Fidelity attached the Policy to its first summary judgment motion (i.e., not the renewed motion for summary judgment, which gave rise to the ruling upon which it now seeks

Fidelity's suggestion that the Court's opinion on the cross-motions for summary judgment constituted such a "surprise" to Fidelity that reconsideration under Rule 60(b) is now warranted. Fidelity's legal arguments in this Rule 60(b) motion—which could have been, but were not, argued and pressed before in this litigation—provide no basis for invoking Rule 60(b)'s extraordinary remedy. *See, e.g.*, *Johnson v. Montminy*, 289 F. Supp. 2d 705, 706 (D. Md. 2003) ("Attempting to raise th[ese] claim[s] for the first time in a Rule 60(b) motion is 'inappropriate.'" (quoting *Van Skiver*, 952 F.2d at 1243)); *Williams*, 470 F. App'x at 313 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)) ("[R]ais[ing] new legal theories . . . [is] not [a] proper use[] of a Rule 60(b) motion.").[10]

---

reconsideration), Fidelity's act of simply attaching the Policy to a motion but not including in its brief any specific "discussion," "consideration," or "introduc[tion]" of (nor any specific citation to) these two exclusions does not constitute Fidelity "raising" the issue. *Raise*, BLACK'S LAW DICTIONARY (11th ed. 2019). Indeed, if raising an issue only in a footnote is deemed insufficient to preserve the argument, *see, e.g.*, *Brundle on behalf of Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 919 F.3d 763, 778 (4th Cir. 2019) ("Wilmington devotes only a short footnote in its opening brief to this [purported error] and fails to address it at all in its reply brief. It thus appears to have forfeited a[] . . . challenge to the court's findings on this issue."); *Clark v. Brown*, 536 F. Supp. 3d 56, 66 n.16 (E.D. Va. 2021) ("[A] one sentence footnote does not . . . sufficiently raise or preserve [an] argument for review."); *accord Modeski v. Summit Retail Sols., Inc.*, 470 F. Supp. 3d 93, 110 (D. Mass. 2020) ("[A]rguments raised only in a footnote or in a perfunctory manner are waived."), *aff'd*, 27 F.4th 53 (1st Cir. 2022); *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014) ("It is well settled . . . that a court need not consider arguments relegated to footnotes[.]"), then never raising the issue at all but simply hoping the Court *sua sponte* extracts the defense is even more grossly deficient. By Fidelity's logic, a party could "raise" an issue in a pleading by filing a blank brief and attaching an exhibit that includes a possible basis for a legal argument. Just in the abstract, this is untenable. It makes even less sense in this specific context, where—as Fidelity admits—Fidelity bears the burden to prove that a contractual exclusion to coverage applies under Virginia law. *Towers Watson & Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 67 F.4th 648, 653 (4th Cir. 2023) (citing *TravCo Ins. Co. v. Ward*, 736 S.E.2d 321, 325 (Va. 2012)), *quoted in* Mot. Reconsideration Br. 15 n.15. If Fidelity is right that merely attaching an insurance policy to a motion constitutes an insurer raising every possible policy exclusion or exception as an issue, Fidelity is arguing that a Court must comb through every possible applicable exclusion in an insurance policy to see whether it applies to the facts of a given case simply because the insurer attaches the policy to a brief. That would turn the exclusionary burden entirely on its head, and more generally, it runs counter to key principles of our adversarial system. *Cf. Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.").

[10] In the same footnote the Court discussed previously, *supra* note 9, Fidelity argues that it "raised" its "'acts of the insured' defense"—which Fidelity presumably links to its Exclusion 3(a) argument—because that defense "is specifically set forth in its Sixth Affirmative Defense in its answer (ECF No. 37)." Reply Supp. Emergency Mot. 2 n.1. Counsel for Fidelity echoed this assertion at the November 30, 2023 Final Pretrial Conference. But because Fidelity "only cursorily reference[d]" this 'acts of the insured' defense it in its answer and "thereafter fail[ed] to mention, let alone seriously press, [its] assertion of that affirmative defense, despite filing several dispositive motions," the Court "ha[s] no trouble" finding this defense abandoned. *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000); *see, e.g.*, *Mickell v. Stirling*, No. 6:15-CV, 2017 WL 626107, at *2 (D.S.C. Feb. 15, 2017), *aff'd* 698 F. App'x 749 (4th Cir. 2017) (finding affirmative defense waived where stated in answer, but not argued or even mentioned in the motion

## IV. CONCLUSION

Rule 60(b) does not authorize relief under these circumstances. Fidelity's Motion for Reconsideration will accordingly be denied.

/s/ RCY
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: December 4, 2023

---

for summary judgment); *In re Nw. Child Dev. Centers, Inc.*, 633 B.R. 145, 163 (Bankr. M.D.N.C. 2021) ("Where a party pleads an affirmative defense in the answer, but fails to contest a summary judgment motion on those grounds, the Court may 'deem[] those defenses abandoned[.]'" (quoting *RL 900 Park, LLC v. Ender*, No. 1:18-cv-12121, 2021 WL 738705, at *5 (S.D.N.Y. Feb. 25, 2021)); *accord United States v. Kafleur*, 168 Fed. App'x 322, 327 (11th Cir. 2006) (finding affirmative defenses abandoned where defenses were pled in answer but not included in defendant's motion for summary judgment or in opposition to the government's motion); *Lazzara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (finding comparative negligence waived where asserted in the answer, but not raised in opposition to summary judgment motion).